■ In the Matter of MICHAEL W., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order, Family Court, New York County (Turret, J.), entered February 6, 1984, adjudicating appellant a juvenile delinquent and ordering him restrictively placed for a period of three years (with credit for time

served, actually two years, eight months), unanimously modified, on the law and on the facts, and in the exercise of discretion, without costs or disbursements, to the extent of vacating said disposition and directing instead that appellant be placed for 18 months pursuant to Family Court Act § 352.2 (1) (c); § 353.3, and that he be given individual psychotherapy, and otherwise affirmed.

On April 23, 1982 respondent admitted to acts which, if committed by an adult, would constitute the crime of robbery in the first degree. On September 16, 1982 he was placed on probation, but on November 19, 1982 a violation of probation petition was filed against him. A summons was mailed directing him to appear on December 3, and when he did not appear a warrant was issued. On January 25, 1983 respondent appeared and was remanded to a nonsecure detention facility. A new warrant was issued when he did not appear in court two days later, and he was returned on that warrant on December 14, 1983. A hearing was commenced on January 4, 1984, at the conclusion of which the court determined that respondent had violated the conditions of probation. The court thereupon revoked probation and ordered updated probation and mental health studies. At the conclusion of the dispositional hearing the court ordered a restrictive placement for two years and eight months, with secure confinement for a period of not less than six months. Respondent is currently confined at Oatka, a Division For Youth secure facility near Rochester, New York.

Respondent argues that the court erred in ordering a three-year restrictive placement (less credit for four months time served) when neither the mental health experts nor the probation officer recommended such a disposition, and that a specific directive that respondent be provided with individual psychotherapy should have been included. After review of all the evidence we are of the view that respondent and society would be better served by respondent's placement in a less restrictive setting with a direction for individual psychotherapy. Despite the seriousness of the underlying crime and respondent's various violations of probation, we believe that extenuating circumstances exist which merit an alternative disposition. Respondent is, for all practical purposes, an orphan. He has had no contact with his father, and his mother died from lung cancer when he was 13, after he had been placed on probation for the robbery. The Family Court Judge took note of his mother's devotion to him in originally sentencing him, and we cannot help but conclude that most of his subsequent conduct (violating probation, failing to appear in court, absconding from custody)

resulted from the reaction to her death. We note that none of his behavior after her death can be considered violent, and believe that a structured environment for 18 months with individual psychotherapy would be appropriate. None of the mental health experts nor the probation officer recommended a three-year disposition, although they did believe a secure setting was necessary. The examining doctor found respondent to be genuinely remorseful for his crime as well as depressed from his mother's death.

The latitude for treatment accorded a juvenile sent to a secure facility pursuant to Family Court Act § 353.3 (3) (a); (5) is broader than that for one placed in restrictive placement for three years pursuant to Family Court Act § 353.5. As respondent notes, restrictive placement is for those youths who are considered incorrigible and too dangerous to remain in the community.

Consideration of all the factors which, under Family Court Act § 353.5 (2), enter into a consideration of whether a juvenile should be designated for restrictive placement, including the juvenile's "needs and best interests", compels us to conclude that restrictive placement is not necessary, and that respondent should be transferred to nonrestrictive placement for 18 months.

Finally, inasmuch as respondent has already spent over a year in the custody of the Division For Youth, and thus would have less than six months to serve on the reduced sentence, and since we do not know what type of treatment he has received, we also direct that he be given intensive individual psychotherapy for the balance of his period in custody. His release to the community without some attempt to alleviate his psychological problem would be ill-advised, especially after spending over a year in a secure facility. Concur — Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.