■ In the Matter of JUDEA A., a Person Alleged to be a Juvenile Delinquent, Appellant. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Mercure, J. Appeal from an order of the Family Court of Broome County (Esworthy, J.), entered January 24, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to transfer respondent to the State Division for Youth following his adjudication as a juvenile delinquent.

Respondent, previously adjudicated a juvenile delinquent,

appeals his one-year placement with the State Division for Youth, alleging only that Family Court's order of disposition was not supported by a preponderance of the evidence presented at the dispositional hearing. We disagree and accordingly affirm. The record establishes that in April 1986, a juvenile delinquency petition was adjourned in contemplation of dismissal for a period of six months and respondent was released in the custody of his mother. In July 1986, three juvenile delinquency petitions were resolved with a single PINS adjudication and respondent was placed on probation for a period of one year. In November 1987, respondent, having been once more adjudicated a juvenile delinquent, was placed with petitioner for a period of one year. In May 1988, Family Court made an additional juvenile delinquency adjudication and placed respondent at Berkshire Farm. While at that facility, respondent was involved in an altercation with another resident, whom he cut with a potato peeler, and was ultimately discharged and returned to petitioner. When no other facility could be found which would take respondent, a last effort was made to place him with his mother. This too was unsuccessful, with the evidence showing that respondent failed to regularly attend school and became involved in drug dealing. Having exhausted all available alternatives, petitioner sought a placement with the Division for Youth.

In our view, this evidence amply supports Family Court's finding that placement with the Division for Youth is the least restrictive available alternative that is consistent with the needs and best interests of respondent and the need for protection of the community (see, Family Ct Act § 352.2 [2] [a]; Matter of Dennis ZZ., 159 AD2d 880).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.