■ In the Matter of JASON S., a Child Alleged to be in Need of Supervision, Appellant. SAINT FRANCIS ACADEMY, Petitioner; ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [617 NYS2d 382] —Crew III, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered July 30, 1993, which partially granted an application, in a proceeding pursuant to Family Court Act article 7, to extend placement of Jason S.

In February 1993, Jason S. was adjudicated a person in need of supervision (hereinafter PINS) and placed with the Ulster County Department of Social Services (hereinafter DSS) until June 30, 1993. Additionally, Jason was placed on probation until February 11, 1994. On June 10, 1993, Saint Francis Academy, the residential facility where Jason previously had been placed, filed a petition seeking to extend Jason's placement for one year in order that Jason could maintain the progress that he had made since his admission to that facility in October 1992.[1] Although Jason and his mother were, at that point in time, in favor of extending his placement, DSS opposed the application, contending that Jason no longer required placement in a residential facility.

At the conclusion of the fact-finding hearing that followed, Family Court issued a temporary order extending Jason's placement until July 30, 1993. Family Court thereafter concluded that the Academy was not authorized under Family Court Act § 756-a (a) to petition for an extension of placement. Although Family Court, *sua sponte,* substituted Jason as the petitioner nunc pro tunc, it also determined that an additional year of placement was not warranted. Family Court continued Jason's placement only until August 30, 1993, and this appeal by Jason followed.[2]

The record indicates that Jason's placement at the Academy was to conclude on August 30, 1993, and although he appar-

---

1. Jason's mother voluntarily placed Jason with DSS pending resolution of the PINS proceeding.

2. DSS, noting that Jason voluntarily returned home in February 1994, moved to dismiss this appeal as moot. This Court denied DSS' motion without prejudice to raising this issue on appeal.

ently was granted a scholarship that would have permitted him to remain at the Academy until the conclusion of the 1993-1994 academic year, we have been advised that Jason voluntarily returned home on February 17, 1994. Thus, this appeal, insofar as it relates to the requested extension of placement, is moot and, in our view, no exception to the mootness doctrine lies under the circumstances present here *(see generally, Matter of Eric O.,* 205 AD2d 878; *Matter of Richard TT.,* 197 AD2d 777; *Matter of Darby C.,* 175 AD2d 959, *lv denied* 78 NY2d 862; *compare, Matter of Charles BB. [Carlos BB.],* 179 AD2d 904). As to Jason's assertion that the Academy was authorized to petition for an extension of placement pursuant to Family Court Act § 756-a (a), this issue is not properly before this Court. In this regard, we note that the Academy did not take an appeal from Family Court's order and Jason, as to this particular issue, is not an aggrieved party within the meaning of CPLR 5511.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.