■ In the Matter of ELMER UU., a Person Alleged to be a Juvenile Delinquent, Appellant. CYNTHIA HALLAM, as Probation Officer, County of Montgomery, Respondent. [638 NYS2d 210] —Mikoll, J. P. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered April 11, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent in violation of the terms of his probation.

Respondent had been adjudged a juvenile delinquent and placed under probationary supervision with terms and conditions imposed. On January 10, 1995 a petition was filed against respondent for violating the terms of his probation. Respondent admitted to violating a condition, in full satisfaction of the petition, that is, failing to attend school and each class and failing to obey reasonable requests of school authorities. After a dispositional hearing, Family Court found that respondent's probation should be revoked and respondent placed in the custody of the Montgomery County Commissioner of Social Services for a period of one year.

Respondent contends that Family Court abused its discretion

in failing to order the least restrictive available alternative under Family Court Act § 352.2 (1) in its disposition. We disagree. The probation officer recommended placement of respondent with the Commissioner and the examining psychologist concurred that respondent needed a structured program to deal with his antisocial value orientation.

The record discloses that respondent has had prior involvement with the law, has tested positive for marihuana use on one occasion, was recently charged with seriously injuring his girlfriend in an assault, has a poor school attendance record, has been suspended several times and has been cited on 25 occasions for detention based on truancy, leaving school without permission, insubordination and rude behavior to the staff, use and sale of tobacco products and possession and ingestion of caffeine pills while in school. Four of the violations occurred while respondent was on probation.

Family Court also found that neither parent has been successful in curbing his behavior. It further noted that defendant's father is emotionally unstable and the mother poorly prepared to deal with him. The court concluded that continuation of respondent in either parent's home would be contrary to his interest and would be contrary to the need for protection of the community. We hold that Family Court adopted an appropriate disposition in the matter (see, Family Ct Act § 352.2 [2]; Matter of Jennifer M., 125 AD2d 830, 832).

We find no merit as well to respondent's contention that the disposition is against the weight of evidence and/or that Family Court failed to adequately articulate its reasons for restrictive placement.

Mercure, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.