■ In the Matter of MICHAEL QQ., a Person Alleged to be a Juvenile Delinquent, Appellant. CHERYL D. SINGER, as Assistant County Attorney, Broome County, Respondent. [638 NYS2d 851] —Yesawich Jr., J.

After participating in the intentional setting of an apartment fire, respondent admitted having committed acts which, if committed by an adult, would constitute arson in the fourth degree, a class E felony. Following a dispositional hearing, Family Court, citing the dangerous nature of respondent's acts, the extent of the damage that resulted therefrom, and respondent's need for treatment and supervision, placed him with the Division for Youth. Respondent appeals, contending that the disposition was not the least restrictive alternative that would serve his interests and protect the community (*see,* Family Ct Act § 352.2 [2] [a]), a contention with which the Law Guardian and the presenting agency agree.

While the record reveals that respondent has engaged in various types of unruly and disruptive behavior over the past few years, it is also apparent that he has significant psychological problems, suffers from severe depression, and is sorely in need of counseling and other supportive services. Because previous attempts to avoid the need for placement, by the furnishing of preventive services, have proven ineffective in stemming respondent's unacceptable behavior, we reject his

contention that he should have been returned to his mother's home and placed on probation (see, Matter of Andrew MM., 187 AD2d 813).

This is, however, respondent's first delinquency adjudication, and nothing in the record indicates that his needs, as well as those of the community, would not be adequately served by placing him in the custody of the Commissioner of Social Services, as recommended by the Department of Social Services at the hearing. Where, as here, respondent's problems clearly stem from psychological trauma, he has not been afforded an opportunity to resolve those problems with appropriate psychotherapy and proper care and supervision, and it is not apparent that he will be unable to do so, a more restrictive placement is not warranted (see, Matter of Michael W., 111 AD2d 36, 37; compare, Matter of Jose M., 210 AD2d 228, 229; Matter of Judea A., 169 AD2d 998, 999).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as placed respondent with the Division for Youth; respondent is placed in the custody of the Commissioner of Social Services for 18 months and is to receive appropriate individual therapy; and, as so modified, affirmed.