■ In the Matter of DONALD MM., a Person Alleged to be a Juvenile Delinquent, Appellant. MICHAEL PIERCE, as Tioga County Probation Officer, Respondent. [647 NYS2d 312] —Carpinello, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered August 10, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, and found that respondent violated the terms of his conditional discharge.

On June 27, 1994, respondent was adjudicated a juvenile delinquent and was given a conditional discharge for a period of 12 months upon certain terms and conditions. Subsequently, by petition dated June 8, 1995, petitioner alleged a violation of certain of the terms of the conditional discharge. Prior to the commencement of the fact-finding hearing on August 7, 1995, respondent's Law Guardian made a motion to dismiss the petition on the basis that the 12-month period of the conditional discharge had run and, therefore, the hearing was untimely. Family Court denied this motion. Following the conclusion of the hearing, Family Court adjudicated respondent to be in violation of the terms of the conditional discharge in that he had willfully failed to participate in school activities, had been involved in fights and other inappropriate behavior at school, had been truant from school, had repeatedly run away from home and failed to obey the rules imposed in his home.

At the close of the ensuing dispositional hearing, Family Court found, *inter alia*, that in light of respondent's deteriorating behavior and the lack of adequate response by his mother to the situation, respondent was to be placed in the custody of the Tioga County Department of Social Services for 12 months "for placement in a foster home, specialized foster home, group home or therapeutic boarding home". This appeal by respondent followed.

Initially, we agree with Family Court's determination denying respondent's motion to dismiss the violation petition for untimeliness. Notably, Family Court Act § 360.2 (1) provides for the commencement of a violation proceeding "at any time during the period of an order of probation or conditional discharge". Family Court Act § 360.2 (4) goes on to state, "If a petition is filed under [Family Court Act § 360.2 (1)] the period of probation * * * shall be interrupted as of the date of the filing of the petition. Such interruption shall continue until a final determination as to the [violation] petition has been made". Respondent maintains that because Family Court Act § 360.2 (4) only specifically mentions probation, there can be no similar tolling during a period of conditional discharge.

We disagree with this contention. While courts cannot supply matters omitted by the Legislature, where "the legislative intent is clear, an omission in an act may sometimes be considered an inadvertence and supplied by the courts, and words obviously omitted by mistake may be supplied to prevent inconsistency, unreasonableness and unconstitutionality in a statute" (McKinney's Cons Laws of NY, Book 1, Statutes § 363, at 527). Here, the petition was clearly "filed under [Family

Court Act § 360.2 (1)]" as contemplated by the language of Family Court Act § 360.2 (4) and it is apparent from a reading of all provisions of this statute that the Legislature did not intend for probationary periods and conditional discharges to be treated differently. Petitioner correctly points out that there not only is no logical basis for such a distinction, but also that respondent's interpretation would unfairly and unreasonably impinge upon petitioner's power to successfully pursue violation petitions when conditional discharges are involved.

Finally, contrary to respondent's argument, we find that the record supports Family Court's conclusion that the placement of respondent with petitioner was the least restrictive alternative for respondent given, *inter alia*, his failure to show any improvement, the failure of his mother to curb, control or monitor his behavior and the escalating incidences of truancy, misconduct and fighting. Under these circumstances, Family Court rationally concluded that continuation of respondent in his mother's home "would be contrary to his interest and would be contrary to the need for protection of the community" (*Matter of Elmer UU.*, 224 AD2d 859, 860). Family Court Act § 352.2 "does not require that [all] lesser restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed" (*Matter of Nathan S.*, 198 AD2d 557, 558).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.