■ In the Matter of ANNA HH., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEROME HH., Appellant. [648 NYS2d 734] —Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 8, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia*, extend placement of Anna HH.

A recitation of the relevant facts regarding the history of this proceeding may be found in this Court's earlier decision in the case of *Matter of Anna HH.* (223 AD2d 880). The instant appeal stems from a November 1994 petition wherein petitioner requested an order extending the placement of Anna (born in 1978), which was set to expire on January 4, 1995. Following a

fact-finding hearing, Family Court granted the petition and, *inter alia*, extended placement for an additional 12-month period, until January 4, 1996. Respondent appeals.

Initially, we note that respondent is neither contesting Family Court's decision to extend placement of Anna nor claiming that Anna should be placed with him. Rather, respondent contests petitioner's alleged failure to encourage and strengthen the family relationship, the fact that Anna has been placed in a foster home in Pennsylvania (as opposed to Broome County) and petitioner's failure to keep him apprised of Anna's progress. Upon review of the record, however, we find respondent's contentions to be without merit and conclude that there is ample support for Family Court's determination to extend Anna's placement with petitioner for an additional year (*see*, Family Ct Act § 1055 [b] [iv] [A], [B]). The evidence at the fact-finding hearing revealed that petitioner's goals for Anna continue to be independent living and a safe, stable environment. A review of the individual service plans for Anna, as well as reports prepared by Northern Tier Youth Services concerning her progress, further reveal that Anna is being treated for her depression, attends biweekly individual therapy sessions and youth support group sessions, is socially active in various clubs, has plans to attend college and is secure with her foster family and, significantly, wishes to remain with them.

Respondent's assertion that petitioner has failed to exercise diligent efforts to try to foster a meaningful relationship between respondent and his daughter is also belied by the record. Petitioner arranged a 15-minute meeting between respondent and Anna in November 1994; however, despite being instructed prior to the meeting about appropriate topics to discuss and controlling his behavior, respondent became volatile and belligerent during the visit, necessitating that it be cut short. Respondent's continued aggressive and inappropriate behavior, which has been directed at petitioner, his daughter and the court, is a key factor in this matter. Notably, Anna has expressed a desire not to have contact with respondent. We conclude that Family Court did not err by ordering that Anna's placement be extended and mandating that respondent have no contact with her, unless she specifically requests same, all of which were found by Family Court to be in Anna's best interest (*see, e.g.*, *Matter of Tommy A.*, 201 AD2d 970; *Matter of Belinda B.*, 114 AD2d 70, 74).

Finally, given the majority age of Anna's siblings and the inapplicability of Social Services Law § 358-a (11) (a) and (b) to

this proceeding, we conclude that respondent is not an aggrieved party with respect to petitioner's alleged failure to arrange and Family Court's alleged failure to order regular visitation and contact between Anna and her brothers (*see,* CPLR 5511; *see generally, Matter of Jason S.,* 208 AD2d 1015, 1016).

We have considered each of the remaining contentions raised by respondent and find them to be without merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.