[659 NYS2d 912]

In the Matter of AMANDA RR., a Person Alleged to be a Juvenile Delinquent, Appellant. STEVEN E. RATNER, as Otsego County Assistant County Attorney, Respondent.

Third Department, June 26, 1997

452

## APPEARANCES OF COUNSEL

*Donald J. Schwartz, Law Guardian,* Oneonta, for appellant.

*James E. Konstanty, County Attorney* of Otsego County, Cooperstown *(Steven E. Ratner* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

By order of disposition dated October 17, 1995, respondent was placed on probation for a period of two years, removed from foster care and returned to the custody of her parents based on her unauthorized use of a telephone calling card. As part of her probation, respondent was required to attend school regularly, be evaluated by a mental health clinic, perform 100 hours of community service and pay restitution. When respondent failed to comply with the conditions of her probation, petitioner filed an amended petition seeking to revoke the prior order.

A fact-finding hearing was held after which Family Court found that respondent had failed to comply with the previous order of disposition. The court determined that, due to a substantial change in circumstances, a new dispositional hearing was warranted. After said hearing, Family Court ordered that respondent be placed in the custody of the Commissioner of Social Services of Otsego County for placement in a residential facility. Respondent appeals.

Respondent initially argues that petitioner did not prove beyond a reasonable doubt that she violated her probation. Family Court Act § 360.3 sets forth the procedure for determining violations of orders placing juvenile delinquents on probation. While the statute specifies the type of evidence which may be introduced at a violation hearing, it is silent as to what standard of proof is necessary to prove such a violation. There is a conflict within the Family Courts on this issue (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family

Ct Act § 360.3, at 582), and the only appellate court that has specifically addressed this matter is the First Department (see, *Matter of Alpheaus M.*, 168 AD2d 208, 209).

We find, as did the First Department, that since probation revocation in juvenile delinquency proceedings is dispositional in nature and not part of the adjudicatory process, preponderance of the evidence rather than proof beyond a reasonable doubt is the appropriate standard of proof to be applied here (see, Family Ct Act § 350.3 [2]; *see also, Matter of Gregory M.*, 131 Misc 2d 942, 943-945). This conclusion finds support in CPL 410.70 (3), which deals with adult criminal probation violations, wherein the preponderance of evidence standard is prescribed.*

Looking at the testimony offered at the hearing, we find that petitioner met his burden of proof that respondent violated the conditions of her probation and we, therefore, affirm Family Court's determination. First, testimony and documentary evidence reveal that during her probation respondent either missed or was late to school on at least 56 occasions. Respondent also failed to complete her requirement to be evaluated by a mental health clinic or to timely pay restitution. Finally, an employee with Alternatives to Incarceration testified that, in the time frame within which respondent was to have completed her 100 hours of community service, she had only performed 13 hours.

We also reject respondent's contention that Family Court erred in placing respondent into a residential facility. The evidence indicates that when respondent was placed in foster care on previous occasions she ran away. Her behavior when remanded to the custody of her parents was no better. Between April 8, 1996, when the fact-finding hearing concluded, and May 16, 1996, the date scheduled for the dispositional hearing, a warrant was issued for respondent's arrest when it was determined that her whereabouts were unknown. Respondent's eventual return to Otsego County from New York City, where she had gone to visit a friend, was only accomplished as a result of the arrest warrant. During her absence, the dispositional hearing had to be postponed as a result of her failure to appear. This was not the first time that respondent had failed to appear in court. Therefore, although her father expressed that he wants respondent to remain at home, this is not a viable

---

* Family Court Act § 303.1 (2) specifically authorizes courts to consider relevant CPL sections in order to construe similar provisions in Family Court Act article 3.

alternative as her parents apparently cannot control her actions. In these circumstances, therefore, we find that Family Court considered "the needs and best interests of the respondent as well as the need for protection of the community" and residential placement was the least restrictive available alternative (Family Ct Act § 352.2 [2]; *see, Matter of Donald MM.*, 231 AD2d 810, 812, *lv denied* 89 NY2d 804; *Matter of Elmer UU.*, 224 AD2d 859, 860).

CARDONA, P. J., WHITE, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, without costs.