■ In the Matter of ERROL D., a Child Alleged to be a Juvenile Delinquent, Appellant. FRANCIS T. MURRAY, as Ulster County Attorney, Respondent. [660 NYS2d 185] —Cardona, P. J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered November 21, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In August 1996, petitioner filed a juvenile delinquency petition alleging that respondent committed an act which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree. The petition alleged that on or about July 2, 1996 at 4:50 A.M. respondent did, knowing that he did not have the owner's consent, take, operate, exercise control over and ride in an automobile owned by Barbara McClinton. After a fact-finding hearing, Family Court found that respondent had committed the crime as alleged in the petition. Following a dispositional hearing, the court placed respondent with the Division for Youth for one year with an authorization to place respondent in a secure facility without a further hearing. Respondent appeals.

Respondent first contends that the petition was jurisdictionally defective because it failed to contain nonhearsay factual allegations establishing that he committed the crime (see, Family Ct Act § 311.2 [3]; Matter of Detrece H., 78 NY2d 107, 109; Matter of David T., 75 NY2d 927). Here, the nonhearsay portion of McClinton's supporting deposition states: "I ran to the door and flipped my outside lights on. I ran outside and saw my car being driven by a boy I know as Earl. Earl lives at 50 VanBuren Street." Respondent argues that the deposition is insufficient because of the absence of nonhearsay allegations that he went by the name Earl and lived at the address given by McClinton. However, nonhearsay allegations of the petition named respondent as "Errol 'D' " and recited that he was a male between the ages of 7 and 16 residing at the same address as that given by McClinton for the perpetrator whom she knew as Earl. We find these nonhearsay allegations of the petition (see, Family Ct Act § 311.2 [3]), when read together with those of the supporting deposition (see, Matter of Neftali D., 85 NY2d 631, 635; Matter of Jahron S., 79 NY2d 632, 636), sufficient to fulfill the statutory purpose of identifying respondent

as the perpetrator and establishing every element of the charge (*see*, Family Ct Act § 311.1 [3] [h]; *cf.*, *People v Brothers*, 66 AD2d 954). Accordingly, we reject respondent's claim that the petition was jurisdictionally defective.

Respondent also claims that placement with the Division for Youth was not the least restrictive alternative consistent with his needs and interests as well as those of the community (*see*, Family Ct Act § 352.2 [2] [a]). We disagree. Respondent had previously been adjudicated a person in need of supervision as well as a juvenile delinquent. He had been placed on probation at various times as well as placed in a nonsecure placement with the Northeast Parent and Child Society in the City of Schenectady, Schenectady County. Respondent's return to the community had been marred by his failure to attend school and assaultive behavior. Under the circumstances herein, we cannot say that Family Court abused its discretion in placing respondent with the Division for Youth (*see*, *Matter of Elmer UU.*, 224 AD2d 859; *Matter of Justin ZZ.*, 214 AD2d 816; *Matter of Shawn V.*, 195 AD2d 796).

We find no merit to respondent's remaining contentions.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.