■ In the Matter of CRAIG ZZ., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM J. BETTER, as Columbia County Attorney, Respondent. [663 NYS2d 344] —Mercure, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered December 31, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Based upon respondent's admission to committing acts which, if committed by an adult, would constitute the class D felony of sexual abuse in the first degree, respondent was adjudicated a juvenile delinquent. On appeal, he challenges only so much of Family Court's order of disposition as placed him with the Columbia County Commissioner of Social Services for a period of 18 months, contending that Family Court abused its discretion in failing to order the least restrictive available alternative disposition which was consistent with respondent's needs and best interests and the need for protection of the community (Family Ct Act § 352.2 [2] [a]). We are unpersuaded and accordingly affirm.

The record establishes that three prior Family Court petitions alleging that respondent was either a person in need of

supervision or a juvenile delinquent had been "adjusted" and services, including placement on probation, had been provided to respondent, but respondent nonetheless continued with his antisocial and criminal behavior. In addition, the instant offense, an act of fellatio perpetrated upon a five-year-old boy, was particularly heinous, and the record establishes that the victim has suffered serious behavioral and emotional problems as a result. Finally, in its predispositional report, the Probation Department made a recommendation of placement. Under the circumstances, we conclude that Family Court did not abuse its broad discretion in fashioning an appropriate order of disposition (*see, Matter of Errol D.,* 241 AD2d 732; *Matter of Donald MM.,* 231 AD2d 810, *lv denied* 89 NY2d 804; *Matter of Michael QQ.,* 225 AD2d 940; *Matter of Elmer UU.,* 224 AD2d 859). We also note that Family Court Act § 352.2 "does not require that [all] lesser restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed" (*Matter of Nathan S.,* 198 AD2d 557, 558).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.