■ In the Matter of ANTHONY G., a Person Alleged to be a Juvenile Delinquent, Appellant. CHARLES B. NASH, as Assistant St. Lawrence County Attorney, Respondent. [669 NYS2d 443] —Carpinello, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered February 18, 1997, which granted petitioner's application, in a proceeding pursu-

ant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Following two separate fact-finding hearings, respondent was found guilty of acts which, if committed by an adult, would constitute two counts of attempted robbery in the second degree and two counts of attempted robbery in the third degree. He was accordingly adjudicated a juvenile delinquent. On appeal, respondent challenges only so much of Family Court's order of disposition as placed him with the Division for Youth for a period of 12 months (*cf., Matter of Samuel VV.*, 217 AD2d 863). The order, however, expired on February 11, 1998; accordingly, the instant appeal is moot (*see, Matter of Donald MM.*, 241 AD2d 634; *Matter of James XX.*, 229 AD2d 628, 629).

In any event, we reject the contention that Family Court abused its broad discretion in fashioning the order of disposition (*see, Matter of Craig ZZ.*, 243 AD2d 905; *Matter of Errol D.*, 241 AD2d 732, *lv denied* 90 NY2d 810). Evidence in the record, including the probation report upon which Family Court heavily relied, discloses that respondent had engaged in a pattern of violent and aggressive behavior (committing six assaults in one year—on *two* occasions breaking the victims' arms), failed to benefit from intervention efforts, failed to take responsibility or show remorse for any of his actions, and required consistent, professional supervision, as opposed to kinship placement with relatives, to adequately address his problems and protect the community. In these circumstances, Family Court did not abuse its discretion in determining that placement with the Division for Youth was the least restrictive available alternative consistent with respondent's needs and best interests and the need for protection of the community (*see*, Family Ct Act § 352.2 [2] [a]).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.