■ In the Matter of BRIDGET TT., a Person Alleged to be a Juvenile Delinquent, Appellant. RICHARD B. MEYER, as Essex County Attorney, Respondent. [675 NYS2d 411] —Peters, J. Appeal from an order of the Family Court of Essex County (Halloran, J.), entered April 28, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, born August 3, 1983, was adjudicated a juvenile delinquent after admitting to acts which, if committed by an adult, would constitute criminal possession of a weapon in the third degree (*see*, Penal Law § 265.02). Upon a dispositional hearing, Family Court placed respondent with the Division for Youth (hereinafter DFY) for a period of 18 months. Respondent solely appeals her placement with DFY.

Upon our review, we find it evident that respondent is bereft of appropriate structure, guidance and supervision, and that when presented with a living environment less restrictive than DFY placement, she has demonstrated an inability to cope. This assessment is buttressed not only by the predispositional investigative report which noted her past criminal involvement and recommended her placement with DFY due to her likeliness "to commit additional criminal acts, given the nature of the present offense and her careless attitude regarding it", but also by her admission to absconding from her foster home "for no reason" the weekend prior to the dispositional hearing. Testimony proffered by the State Trooper who apprehended her indicated that she repeatedly assaulted him, both physically and verbally, in her effort to escape.

Besides respondent's admitted drug use, her behavioral problems were highlighted by continuous school suspensions. Upon questioning by Family Court, she could not recall the last time she had been in school or how many days she had missed. Moreover, neither of respondent's biological parents

remained viable options for supervising her nor were her foster parents willing to resume the role. Vicki Fadden, respondent's foster care caseworker, and Truman Esau, a psychiatrist referred by petitioner, agreed with the recommendation of placement as the least restrictive option consistent with respondent's needs and best interest.

Finding no abuse of discretion (*see, Matter of Windell YY.*, 249 AD2d 621; *Matter of Anthony G.*, 247 AD2d 792; *Matter of Errol D.*, 241 AD2d 732, *lv denied* 90 NY2d 810; *see also*, Family Ct Act § 352.2 [2] [a]), the order of Family Court is affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.