(October 8, 1998)

■ In the Matter of JOSHUA OO., a Person Alleged to be a Juvenile Delinquent, Appellant. JUDITH M. QUIGLEY, as Tioga County Attorney, Respondent. [678 NYS2d 680] —Yesawich Jr., J. Appeal from an order of the Family Court of Tioga County (Squeglia, J.), entered August 14, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent and placed him in the custody of the Tioga County Department of Social Services for a period of 12 months.

A petition seeking to adjudicate respondent a juvenile delinquent alleged that he had committed an act which if done by an adult, would constitute the crime of assault in the third degree, i.e., he struck a schoolmate in the eye. Respondent admitted the charge and was placed in the custody of the Tioga County Department of Social Services (hereinafter DSS) for a period of 12 months. On appeal, respondent contests Family Court's directive that he be placed in an out-of-town, self-contained facility, arguing that placement in a local group or foster home would have been an acceptable, less restrictive alternative.

Petitioner informs us that on June 25, 1998, respondent was released from the custody of DSS and has been returned to his mother's custody. As respondent's placement has been terminated and he has received all the relief that he requested in this appeal of Family Court's dispositional order (see generally, Matter of Anthony G., 247 AD2d 792, 793; Matter of Mary R. v Sullivan County Dept. of Social Servs., 217 AD2d 815), the appeal is dismissed as moot.

In any event, we are not convinced that Family Court abused its broad discretion in fashioning respondent's placement (see, Matter of Craig ZZ., 243 AD2d 905, 906). In light of the court's substantial, on-the-record discussion with petitioner and the Law Guardian regarding possible placement alternatives, as well as the history of PINS and juvenile delinquency petitions against respondent, we cannot say that Family Court did not carefully consider, and appropriately reject, the less restrictive alternatives urged by respondent (see, Family Ct Act § 352.2 [2] [a]). Nor would we find any merit to respondent's remaining contentions.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.