Mugglin, J.
Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered October 11, 2002, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to modify respondent’s placement.
By reason of respondent’s continued behavioral problems, petitioner sought, pursuant to Family Ct Act § 355.1, an order modifying the original order of disposition which had placed respondent, as a juvenile delinquent, with petitioner until February 21, 2003. After a hearing, Family Court modified respondent’s placement by transferring his custody to the Office of Children and Family Services. Despite the clear mandate of Family Ct Act § 355.1 (3), Family Court also extended respondent’s placement seven months, that is, to September 26, 2003. Respondent now appeals.
Petitioner’s counsel has candidly advised the Court that he agrees that Family Court exceeded its jurisdiction when it extended respondent’s placement. However, where the sole issue on appeal is the validity of a placement period of a juvenile delinquent, the expiration of the placement period and release from custody renders the appeal moot (see Matter of Kristie II., 252 AD2d 807, 808 [1998]; Matter of Randy NN., 247 AD2d 710, 710-711 [1998]; Matter of Donald MM., 241 AD2d 634, 634 [1997]; Matter of Mary R. v Sullivan County Dept, of Social Servs., 217 AD2d 815, 815 [1995]). Respondent has been afforded all the relief he seeks on this appeal, making it unnecessary to rule on the validity of the order (see Matter of Joshua OO., 254 AD2d 519, 519 [1998]; Matter of Anthony G., 247 AD2d 792, 793 [1998]; cf. Matter of Trebor UU, 287 AD2d 830, 830-831 [2001]). Moreover, no exception to the mootness doctrine is applicable (see Matter of Randy NN, supra at 710; Matter of Jason S., 208 AD2d 1015, 1016 [1994]).
Crew III, J.E, Spain, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.