Matter of Carliesha C. (2004 NY Slip Op 50354(U))

[*1]

Matter of Carliesha C.

2004 NY Slip Op 50354(U)

Decided on May 4, 2004

Family Court, Monroe County, 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 4, 2004

Family Court, Monroe County, 
In the Matter of CARLIESHA C., a Person Alleged to be a Juvenile Delinquent, Respondent.
Docket Nos. D-00069-02/04A

Charles S. Turner (Charles H. Miller, III, Esq., Deputy County Attorney), Attorney for Petitioner. Legal Aid Society (Amy M. Reiter, Esq., of Counsel), Attorney for Respondent.

Joan S. Kohout, J.
The law guardian moves for the dismissal of two petitions alleging violations of juvenile probation on the ground that the petitions were filed after the respondent's eighteenth birthday and are, therefore, jurisdictionally defective. During the oral argument of the motion the presentment agency maintained that the Family Court Act does not prohibit the filing of a violation of probation in a juvenile delinquency case after a respondent turns eighteen as long as filing occurs before the probationary term expires.
On April 28, 2004 the court rendered an oral decision denying the motion. This written decision amplifies the prior oral decision.
 FACTUAL BACKGROUND
On January 30, 2002 the respondent Carliesha C. was charged under two juvenile delinquency petitions. The first petition alleged that the respondent committed acts which, if committed by an adult, would constitute Robbery in the Second Degree (Penal Law §160.10[1]), Robbery in the Third Degree (Penal Law §160.05), two counts of Grand Larceny in the Fourth Degree (Penal Law §§155.30[1] and [5]) and Petit Larceny (Penal Law §155.25). The second petition alleged that the respondent committed acts which, if committed by an adult, would constitute Burglary in the Second Degree (Penal Law §140.25[2]), Criminal Mischief in the Fourth Degree (Penal Law §145.00[1]) and Petit Larceny (Penal Law §155.25).
On April 26, 2002 the respondent was adjudicated a juvenile delinquent on both petitions upon her admissions to Attempted Assault in the Third Degree (Penal Law §§120.00[1]; 110.00) and Petit Larceny (Penal Law §155.25). The respondent was placed on two years probation on each petition under the customary conditions, including a condition that she make restitution. Both sets of conditions of probation specifically state that they expire on April 26, 2004.
On February 7, 2004 the respondent turned eighteen years old and on March 2, 2004 the petitions at issue were filed by her probation officer alleging that she failed to pay the restitution ordered by the court.
 LEGAL DISCUSSION
Family Court Act §302.2 requires that a juvenile delinquency proceeding be commenced before the respondent's eighteenth birthday unless the alleged act constitutes a [*2]designated felony, in which case such proceeding must be commenced before the respondent's twentieth birthday.
The respondent contends that the filing of a violation of juvenile probation petition constitutes the commencement of a juvenile delinquency proceeding for statute of limitations purposes within the meaning of Family Court Act §302.2. Therefore, the respondent argues, the petitions are each jurisdictionally defective since they were filed after her eighteenth birthday. The court disagrees.
 Although the term "juvenile delinquency proceeding" is not specifically defined, petitions originating a juvenile delinquency proceeding must contain certain statutorily required allegations. In particular, Family Court Act §311.1 requires that a petition originating a juvenile delinquency proceeding allege that the respondent committed acts which, if committed by an adult, would constitute a crime (see also Matter of Benjamin L., 92 NY2d 660, 666 [1999]). Additionally, the petition must be signed by the presentment agency and must allege, among other things, that the respondent requires "supervision, treatment or confinement" (Family Court Act §311.1 [3][j] and [[k]).
In contrast, a petition alleging a violation of juvenile probation may be verified and subscribed by the probation officer rather than the presentment agency. The violation of probation petition must allege the specific condition or conditions violated and contain a "reasonable description" of the objectionable behavior based upon non-hearsay allegations (Family Court Act §360.2 [1]). Finally, the petition may be filed at "[a]ny time during the period of the order of probation" (Family Court §360.2 [1]).
The petitions at issue do not allege that the respondent committed acts which if committed by an adult would constitute a crime. Instead, they allege that the respondent violated the terms of her probation by failing to pay restitution. The petition is signed by the probation officer, not the presentment agency and there is no allegation that the respondent requires supervision, which is a required allegation for a juvenile delinquency petition (see Family Court Act §311.1 [3][j]).
Original juvenile delinquency proceedings and juvenile violation of probation cases are also distinguishable because they have distinct purposes and afford a respondent different levels of due process protection. An original juvenile delinquency proceeding is adjudicatory requiring competent proof that the respondent committed the underlying criminal act beyond a reasonable doubt (see Family Court Act §342.2 [1] and[2]). Juvenile violations of probation are dispositional in nature and require only that the petitioner prove that the respondent violated the conditions of probation by a preponderance of the evidence (see Family Court Act §350.3 [2]; Matter of Amanda RR., 230 AD2d 451, 453 [3rd Dept 1997]). Furthermore, no new dispositional hearing is required after a finding that a juvenile has violated the terms of his or her probation (see Matter of Edwin L., 88 NY2d 593, 601 [1996], citing Family Court Act §360.3[6]).
While it is correct that the original juvenile delinquency proceedings regarding the respondent could not be have been commenced after her eighteenth birthday (see Family Court Act §302.2) and that generally the court cannot extend the placement of a respondent away from home past his eighteenth birthday without his consent (see Family Court Act §355.3 [6]; but see Matter of Kareem R., 305 AD2d 688 [2nd Dept 2003], citing Matter of Jude F., 291 AD2d 165 [2nd Dept 2002]) there is no authority to support the law guardian's assertion that the court loses jurisdiction [*3]over the a respondent who is on juvenile probation once he turns eighteen. To the contrary, Family Court Act §360.1[1] states that a respondent continues under the supervision of the court until the expiration or termination of the order of probation.
Since the petitions here were filed before the orders of probation expired, the respondent continued to be under the jurisdiction of the Family Court even though she had turned eighteen years old two months earlier. 
Accordingly, the respondent's motion to dismiss the petitions is denied.
The foregoing constitutes the Decision and Order of the Court.
Signed at Rochester, New York on the 4th day of May 2004.

 
 Joan S. Kohout
 Family Court Judge
 
Decision Date: May 04, 2004