■ In the Matter of RICHARD G., a Person Alleged to be in Need of Supervision.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: After finding that respondent was a person in need of supervision (PINS), the court granted a total of eight adjournments before and during the dispositional hearing. Family Court Act § 749 (b) permits the court, on its own motion, to adjourn the proceedings at the conclusion of the fact-finding hearing or during the dispositional hearing. Because respondent was detained, the court was not authorized to adjourn the proceedings for a period of more than 10 days or to grant more than two such adjournments "in the absence of special circumstances" (Family Ct Act § 749 [b]).

Family Court failed to comply with the statute's requirements concerning the duration and number of permissible adjournments. Five of the adjournments exceeded the maximum period of 10 days. Further, the court's decision to grant more than two adjournments was not justified by "special circumstances." The purpose of an adjournment under section 749 (b) is "to enable [the court] to make inquiry into the surroundings, conditions and capacities of the respondent." That purpose was fulfilled during the period of the first adjournment, when the Department of Social Services investigation was completed and reviewed by the court. The succeeding adjournments were not granted to allow the court to make inquiry into respondent's circumstances, as the statute contemplates, but to enable petitioner to make arrangements for

respondent's placement. Petitioner's difficulties in placing respondent do not constitute the type of "special circumstances" that would permit more than two adjournments to be granted. Because respondent was denied his right to a timely hearing, the PINS petition must be dismissed *(see, Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408; *Matter of Erik N.,* 185 AD2d 433).

The record does not support petitioner's contention that respondent waived his right to a speedy hearing. The Law Guardian expressly declined to waive the statutory time limits, requested that the court commence the dispositional hearing and moved to dismiss the petition on the ground that respondent had been denied his right to a timely hearing. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Person In Need of Supervision.) Present—Denman, P. J., Green, Lawton, Fallon and Doerr, JJ.