■ In the Matter of HARRY J., a Person Alleged to be in Need of Supervision, Appellant. [594 NYS2d 946] —Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: The Monroe County Department of Social Services (Department) filed a

petition to have respondent adjudicated a person in need of supervision, alleging that he violated curfew restrictions, was absent from school on numerous occasions, and had run away from home. Respondent entered an *Alford* plea in response to the allegations of the petition and the matter was scheduled for a dispositional hearing. Respondent and his mother were present at the dispositional hearing, as were two representatives from the Department. Counsel for the Department provided the court with a probation report recommending that respondent be placed at a facility in Massachusetts. The Law Guardian objected to the out-of-State placement and requested that the petition be dismissed. In response to the court's request that the Law Guardian submit an alternative plan, the Law Guardian stated that he did not have the burden of proof and had no alternative plan. The court ordered respondent to be placed at the Massachusetts facility for a period of 18 months.

Petitioner bears the burden of proving by a preponderance of the evidence that the disposition is warranted (*see,* Family Ct Act § 745 [b]). The probation report relied upon by the court in determining placement is not part of the record and no testimony was adduced at the hearing. There is, therefore, no evidence to support the court's determination. The absence of any supporting evidence renders judicial review of the disposition impossible. The fact that respondent admitted the allegations of the petition does not require a disposition ordering supervision or treatment (*see,* Family Ct Act § 712 [f]). The order of disposition may discharge respondent with warning, suspend judgment, place respondent in an appropriate setting (in his own home, with a suitable relative, or with the Department of Social Services or Division for Youth), or place respondent on probation (Family Ct Act § 754).

Respondent contends for the first time on appeal that the timing of the dispositional hearing violated the speedy disposition provisions of the Family Court Act. The Law Guardian did not move to dismiss the petition on the ground that respondent had been denied his right to a timely hearing and, therefore, that right was waived (*see, Matter of Richard G.,* 187 AD2d 1039). (Appeal from Order of Monroe County Family Court, Bonadio, J.—PINS.) Present—Denman, P. J., Pine, Lawton, Fallon and Davis, JJ.