■ In the Matter of RANDY SS., a Person Alleged to be in Need of Supervision, Appellant. Jo ANN SS., Respondent. [635 NYS2d 106] —Yesawich Jr., J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered January 27, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent, having admitted the allegations within the petition and consented to a finding that he was a person in need of supervision, appeals from the order of disposition contending that the hearing was insufficient. We disagree. The information received by Family Court that respondent became intoxicated his first day home after being released from inpatient treatment, while not introduced in a sworn format, was not objected to or denied. Moreover, the probation report pursuant to Family Court Act § 750 (2) which is part of the record (compare, Matter of Harry J., 191 AD2d 1016, 1017) provides ample basis for the resulting disposition. The parties declined the opportunity to add any other information to the record despite being afforded the chance to do so. Nevertheless, as Family Court's order of disposition does not state the reasons for the particular disposition, as required by Family Court Act § 754 (2), the matter must be remitted to Family Court for the purpose of complying with that statutory mandate (see, Matter of Robert U., 189 AD2d 1014, 1015).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.