■ In the Matter of ANNA HH., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEROME HH., Appellant. [636 NYS2d 228] —Spain J, Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 18, 1994, which, *inter alia*, granted petitioner's applications, in three proceedings pursuant to Family Court Act article 10, to modify the visitation arrangement and extend placement.

In February 1992, Family Court determined that respondent had neglected his daughter Anna (born in 1978); Anna was

---

placed in the custody of petitioner for a 12-month period through January 1993. In August 1992, Anna was placed, due to her special needs, at Northern Tier Youth Services with a foster family living in Pennsylvania. Thereafter, Family Court granted petitioner's request for an extension of placement for Anna through January 1994. In August 1993, petitioner filed a modification petition seeking monthly supervised visitation by respondent with visits to take place upon Anna's request at petitioner's offices. Respondent filed a petition of violation in September 1993 asking, *inter alia*, that petitioner be directed to find placement for Anna closer to Broome County and "to work in a positive manner" with respondent in order to facilitate a future relationship between respondent and Anna. In November 1993, petitioner filed a petition seeking another 12-month extension of placement; after a fact-finding hearing involving the three pending petitions, Family Court determined that it was in Anna's best interest to continue placement with petitioner and extended such placement until January 1995. Family Court also granted, in all respects, petitioner's modification petition regarding respondent's supervised visitation with Anna and dismissed respondent's violation petition, finding that petitioner "has used all reasonable efforts in attempting to promote the best interest of this child and in attempting to foster the parent-child relationship". Respondent appeals.

Initially, petitioner states that Family Court, by order entered May 8, 1995, granted a subsequent petition for extension of placement for an additional 12 months from January 1995 through January 1996 and that no appeal was taken from that order. Petitioner asserts that these facts render the instant appeal moot. We agree that absent an appeal from the subsequent order granting petitioner's request for a further extension of placement the present appeal is moot (*see, Matter of Eddie E.*, 219 AD2d 719, 720; *Matter of Angelina E.*, 213 AD2d 346, 347; *Matter of Tanya M.*, 207 AD2d 656). However, since petitioner has failed to provide this Court with any documentation in the record to support its claim of the subsequent order of extension, we will consider the merits of respondent's appeal.

Respondent purports to appeal from "each and every part" of Family Court's order; however, his submission is limited to contentions that petitioner has failed, in derogation of its statutory obligation pursuant to Social Services Law § 384-b, to provide the services necessary to promote the reunification of respondent and Anna and that Family Court erred in not expressly requiring petitioner to promote such reunification in

its orders. Respondent's second contention is contradicted by the record and, therefore, is without merit. Family Court directed, in its decision and order dated July 15, 1994, in pertinent part, as follows: "Ordered that [petitioner] will undertake diligent efforts to encourage and strengthen the parental relationship, including the continued monthly visitation between the child * * * and her father".

Respondent's first contention is also belied by the record. Evidence was presented at the hearing which indicated that respondent's aggressive behavior, uncooperativeness and failure to acknowledge his need for counseling frustrated petitioner's efforts to provide services aimed at reuniting respondent and Anna. For example, testimony established that respondent engaged in inappropriate behavior during his scheduled telephone conversations with Anna, to wit, blaming Anna for family problems, threatening to remove Anna's siblings from his household, and discussing matters involving Anna's mother and foster family. In our view the record fully supports Family Court's determination that petitioner satisfied its obligations to promote the reunification of respondent and Anna, and that respondent's negative behavior has thwarted petitioner's attempts at such reunification (see, Matter of Tiffany H., 216 AD2d 738, 739-740; Matter of Gladys H., 206 AD2d 606, 607). Accordingly, the order of Family Court will not be disturbed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

