■ In the Matter of JAMES XX., a Person Alleged to be a Juvenile Delinquent, Appellant. TOMPKINS COUNTY ATTORNEY, Respondent. [644 NYS2d 861] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered April 13, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In the fall of 1994, petitioner filed a series of juvenile delinquency petitions against respondent. Insofar as is relevant to this appeal, petitioner alleged in three separate petitions (bearing docket Nos. 1506-94, 1641-94 and 1656-94, respectively) that respondent committed acts which, if committed by an adult, would constitute the crimes of criminal mischief in the fourth degree (two counts) and petit larceny. Following a combined fact-finding hearing and a subsequent dispositional hearing, respondent was adjudicated a juvenile delinquent and placed in the custody of the Tompkins County Department of Social Services for a period of one year. This appeal by respondent followed.

With regard to the petition bearing docket No. 1506-94, re-

spondent contends that Family Court erred in denying his motion to suppress a certain statement made by him. We disagree. The record reflects that respondent went to the apartment of a friend at the Chestnut Hill Apartments, located in the City of Ithaca, Tompkins County, and forced his way into the apartment when he was refused entry, damaging the doorjamb and casing in the process. Shortly thereafter, a police officer went to respondent's apartment and was admitted by respondent's father. The apartment was described as extremely small and while the officer and the father stood in the middle of the living room, the officer indicated that he was investigating a complaint at the Chestnut Hill Apartments and that respondent was named as a suspect. At that point, respondent entered the room from the adjoining kitchen and said, "I did it."

Respondent asserts that while such statement clearly is a confession, there is no indication as to the specific act or incident to which he was confessing. We disagree. Given the evidence at the fact-finding hearing, Family Court was perfectly justified in inferring that respondent heard the officer's explanation to his father as to his purpose in being at the apartment and that respondent was, therefore, referring to the incident at the Chestnut Hill Apartments when he uttered, "I did it." Respondent's remaining contentions, including his assertion that Family Court erred in failing to dismiss petitions bearing docket Nos. 1641-94 and 1656-94, have been examined and found to be lacking in merit, and his assertion that Family Court's disposition was an abuse of discretion is moot inasmuch as the one-year placement has expired.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.