■ In the Matter of Tanya U., a Person Alleged to be in Need of Supervision, Appellant. Linda U., Respondent. [662 NYS2d 625] —Carpinello, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 10, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner made application pursuant to Family Court Act article 7 to adjudicate respondent, her daughter, a person in need of supervision due to her incorrigible conduct which included, among other things, excessive absences from school without permission. Upon respondent's admission during the fact-finding hearing that, while she was under 16 years of age, she had absented herself from school without permission on over 30 occasions, she was adjudicated a person in need of

supervision. Following a dispositional hearing, Family Court placed respondent in the care and custody of the Sullivan County Department of Social Services for a period of 12 months.

On this appeal, respondent argues that the disposition should be reversed because it was not based on a preponderance of the evidence. Family Court Act § 745 (b) requires that "[a]n adjudication at the conclusion of a dispositional hearing must be based on a preponderance of the evidence". "Evidence" is defined as: "Any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, [and] exhibits * * * for the purpose of inducing belief in the mind[ ] of the court * * * as to their contention" (Black's Law Dictionary 555 [6th ed 1990]). Here, the requisite "legally presented" evidence is lacking. The transcript of the dispositional hearing reveals that no sworn testimony was taken and no documentary evidence was admitted to support the issue of whether respondent required supervision or treatment (*see*, Family Ct Act § 712 [f]; *compare*, *Matter of Randy SS.*, 222 AD2d 884). Rather, the dispositional hearing consisted of an unsworn discussion between Family Court, counsel for the parties, the Law Guardian, respondent and petitioner, with references to letters, mental health evaluations and a probation report which were available to the parties but not made a part of the record. Under these circumstances, not unlike those faced in *Matter of Harry J.* (191 AD2d 1016), we are constrained to conclude that the absence of evidence renders the disposition legally deficient, requiring its reversal and a new hearing.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.