■ In the Matter of JESSICA MM., a Person Alleged to be a Juvenile Delinquent, Appellant. RICHARD B. MEYER, as Essex County Attorney, Respondent. [683 NYS2d 331] —Peters, J. Appeal from an amended order of the Family Court of Essex County (Halloran, J.), entered July 3, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent (born in 1981) was adjudicated a person in need of supervision (hereinafter PINS) on May 3, 1996 and was placed in the custody of the Essex County Commissioner of Social Services, who designated the Lothlorien residential group home in Clinton County as her residence. After respondent threatened one of the home's employees with an eight-inch serrated kitchen knife placed inches from her chin, Family Court ordered her detention in Woodfield Cottage in Westchester County. A juvenile delinquency petition was thereafter filed on August 27, 1996 alleging that respondent's acts, if committed by an adult, constituted the crime of menacing in the second degree. Upon the issuance of a further order in the PINS proceeding directing a 30-day psychiatric evaluation, respondent's Law Guardian requested that the juvenile delinquency petition be withdrawn, without prejudice, due to respondent's commitment to St. Lawrence Psychiatric Center in St. Lawrence County. At the initial appearance scheduled on September 6, 1996 for the juvenile delinquency proceeding, petitioner submitted a proposed order to Family Court seeking dismissal, without prejudice, for the reasons requested by respondent's counsel. On October 7, 1996, the court signed the order.

Upon the filing of a second petition on November 4, 1996, respondent's Law Guardian moved for dismissal contending that the order dismissing the first petition should have been "with prejudice" since petitioner did not have a reasonable excuse for failing to serve and produce respondent for the

scheduled initial appearance. Family Court denied the motion and thereafter held a fact-finding hearing wherein respondent admitted that she committed the acts alleged.

At the dispositional hearing,* testimony was received from a child protective services supervisor relating a call received with respect to respondent's threatening and oppositional behavior while living at home immediately prior to the dispositional hearing and from respondent's caseworker since her placement at Lothlorien. The caseworker testified to respondent's continued pattern of unauthorized leaves while residing at Lothlorien and other residential facilities, the transfers after Lothlorien refused her continued residency, and the requests for removal from several foster homes as a result of respondent's oppositional behavior and alleged thefts. Since respondent had been placed at every level of care available to the Department of Social Services and had not been successful at any, she agreed that respondent should be placed with the Division for Youth. Testimony was also received from respondent's mother and respondent herself, attempting to explain some of her acts of rebellion, noncompliance, criminal activity, drug use and self-mutilation. At the conclusion thereof, Family Court placed respondent in the custody of the Division for Youth for a period of 18 months, later amended to 12 months. Respondent appeals.

The challenge to Family Court's dismissal of the first juvenile delinquency petition is without merit. Although it is now contended that respondent could have been personally served with the summons and petition and produced in Family Court during the 18 days that elapsed between her discharge from the psychiatric hospital and the dismissal of the first petition, the record clearly reveals that her counsel requested the withdrawal of the original juvenile delinquency petition, without prejudice, subject to refiling so long as jeopardy had not attached. Finding that the dismissal of the initial petition was for good cause shown and that the mandates of Family Court Act § 320.2 were not implicated, petitioner was not precluded from refiling since respondent's right to a speedy fact-finding hearing was not violated (see, Matter of Robert O., 87 NY2d 9).

With respect to respondent's challenge to the propriety of her placement, the issue has been rendered moot since the placement expired as of July 1998 (see, Matter of James XX., 229 AD2d 628; Matter of Demitris O., 193 AD2d 977, lv denied 82 NY2d 655; see also, Matter of Johance T., 247 AD2d 316).

---

\* This case was transferred to Essex County Family Court for disposition due to respondent's residency in that county.

Had we addressed the merits, we would have found no abuse of discretion in light of respondent's placement history and the recent professional evaluations admitted.

Cardona, P. J., Crew III, Yesawich Jr. and Carpinello JJ., concur. Ordered that the amended order is affirmed, without costs.