[696 NYS2d 583]

In the Matter of MARK J., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM L. GIBSON, JR., as Broome County Attorney, Respondent. (And Three Other Related Proceedings.)

Third Department, October 21, 1999

### APPEARANCES OF COUNSEL

*Norbert A. Higgins,* Binghamton, for appellant.

*William L. Gibson, Jr., County Attorney* of Broome County, Binghamton (*Brian James Fay* of counsel), for respondent.

### OPINION OF THE COURT

Spain, J.

On April 15, 1998 respondent's mother filed a petition to adjudicate him a person in need of supervision (hereinafter PINS) in Family Court (*see,* Family Ct Act art 7). The petition alleged, *inter alia,* that respondent had not been attending school as required by the Education Law, that he had repeatedly left home without permission and missed his curfew. The following day, he was brought before Family Court by his mother and grandmother seeking the court's "emergency"

intervention and his placement in detention because of his alleged misbehavior which occurred subsequent to the filing of the prior day's petition. Present in court were respondent, his mother, an assigned Law Guardian and representatives from the presentment agency and the probation department. After some discussion on the record respondent was sent home with his mother subject to certain conditions of behavior and the parties were directed to appear in court on April 22, 1998, the initial appearance date on the pending petition.

On that date respondent again appeared with his mother and his Law Guardian who entered a denial to the April 15, 1998 PINS petition on respondent's behalf. Notably, there is no record of any admonitions by Family Court with respect to respondent's right to remain silent or his right to be represented by retained counsel or an assigned Law Guardian (see, Family Ct Act § 741 [a]). Thereafter, on July 15, 1998, respondent made admissions on the record to most of the allegations in the PINS petition, which Family Court accepted. Family Court, by written order dated July 17, 1998, adjudicated respondent to be a person in need of supervision, a probation report was ordered and the matter was adjourned for a dispositional hearing.

On August 19, 1998 respondent again appeared in Family Court with his Law Guardian and was adjudicated a juvenile delinquent after admitting to the allegations in one of several pending juvenile delinquency petitions. He also waived his right to a full dispositional hearing on both the PINS and the juvenile delinquent adjudications. On consent, based on the juvenile delinquent adjudication, he was placed with the State Office of Children and Family Services for placement in a limited secure facility (see, Family Ct Act § 353.3 [3] [b]) for a period of 10 months with credit for time spent in detention. As to the PINS adjudication, the court issued a 10-month suspended judgment (see, Family Ct Act § 755), conditioned on respondent's cooperation with the juvenile delinquent placement. Respondent now appeals, limiting his challenges to (1) Family Court's failure to advise him of certain rights at his appearances on the PINS petition, and (2) Family Court's limited secure juvenile delinquent placement, asserting that this disposition was not the least restrictive placement.

■ Initially, we reject respondent's contentions that Family Court committed reversible error when it failed to advise him at his initial PINS appearance that he had the right to remain silent and the right to an assigned Law Guardian or to a

retained attorney (see, Family Ct Act § 741 [a]). Although Family Court did not strictly comply with Family Court Act § 741 (a) as it should have, we find no prejudice to respondent where he did not speak or make any admissions during this proceeding and was represented by an assigned Law Guardian (cf., Matter of Kelly Sue N., 94 AD2d 976). Indeed, when respondent's right to remain silent became critical—at the time of his admissions—he was apprised of that right by the court and in the presence of his assigned Law Guardian who appears to have effectively represented him.

Also unpersuasive is respondent's further claim of reversible error based upon Family Court's failure to inform him—at the time he entered the PINS admission—of his right to an assigned Law Guardian or retained counsel (see, Family Ct Act § 741 [a]). On that day respondent, accompanied by his mother and Law Guardian and prior to making admissions, was apprised by Family Court of the specific allegations in the petition, his right to remain silent, his right to a fact-finding trial, the fact the he would lose his right to a trial if he admitted the allegations and of the maximum potential disposition if he were to admit them (cf., Family Ct Act § 321.3). The Law Guardian also reported that he had reviewed respondent's rights with him. Although Family Court Act article 7 does not expressly set forth procedures for the acceptance of a PINS admission, Family Courts generally follow—but are not required to—the procedures for accepting admissions in juvenile delinquency proceedings as set forth in Family Court Act § 321.3* (see, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 741, at 89-90) and those procedures were generally followed here (see, Matter of Tabitha LL., 87 NY2d 1009; Matter of Zachary I., 198 AD2d 724; Matter of Jason O., 197 AD2d 784). Accordingly, we find no prejudice to respondent and no basis upon which to overturn the PINS adjudication and disposition.

■ Next, inasmuch as the 10-month placement period directed in the juvenile delinquent dispositional order appealed from expired in June 1999, respondent's contention that the placement ordered by Family Court was not the least restrictive alternative is moot (see, Family Ct Act § 352.2 [2] [a]; see also, Matter of Jessica MM., 256 AD2d 1027; Matter of Kristie

---

* Notably, Family Court Act article 3 only requires that a respondent be advised of the right to be represented by retained counsel or an assigned Law Guardian at the initial appearance on the juvenile delinquency petition (see, Family Ct Act § 320.3).

II., 252 AD2d 807). Moreover, the placement is also rendered moot by respondent's failure to appeal from Family Court's subsequent order, also entered on consent, granting an additional 12-month extension of the original placement (*see, Matter of Anna HH.*, 223 AD2d 880; *Matter of Tanya M.*, 207 AD2d 656).

In any event, were we to consider the merits of this claim, we would find that Family Court did not abuse its discretion in ordering restrictive placement as agreed upon (*see, Matter of Joshua OO.*, 254 AD2d 519; *Matter of Justin ZZ.*, 214 AD2d 816). A review of the PINS, the multiple juvenile delinquency and the violation petitions filed against respondent, as well as the probation report and the psychological evaluations ordered by the court, demonstrates that his behavior was uncontrollable and that his pattern of defiance at school and at home continued to escalate despite earlier court intervention. We thus conclude that the challenged placement was the least restrictive option consistent with respondent's needs and best interest.

CARDONA, P. J., CREW III, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the order is affirmed, without costs.