■ In the Matter of ASHLEY MM., a Person Alleged to be in Need of Supervision, Appellant. RACHAEL MM., Respondent. [705 NYS2d 447] —Mugglin, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered August 25, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Upon a petition filed by her mother, respondent was adjudi-

cated a person in need of supervision and subsequently placed in the custody of the Schenectady County Department of Social Services for up to one year. On appeal, respondent challenges only the sufficiency of the dispositional hearing and the dispositional order.

At the conclusion of the fact-finding hearing, Family Court ordered a psychological evaluation of respondent on an inpatient basis. Upon the parties' appearance following completion of the evaluation, Family Court adjourned the matter pending the completion of the probation investigation and temporarily placed respondent in a nonsecure facility. Upon the parties' next appearance two weeks later, it was agreed that respondent would be placed on probation and returned to her mother's custody temporarily. Respondent's attorney acknowledged that placement outside the home remained a possibility and emphasized that "[m]y client understands that her behavior is going to be a large controlling factor in what's going to happen". The parties subsequently requested another adjournment of the dispositional hearing, with respondent's counsel explaining that "my client understands that if things don't get any better, she will be placed, and in light of what's happened in the last couple of weeks, that's where we may be going. But her Mom and her probation officer are willing to give her a chance, and I would ask that she be given that chance." When the parties next appeared, respondent again requested an adjournment but Family Court concluded that, based upon the probation investigation and respondent's unwillingness to obey the law, placement with the Department was appropriate.

With regard to the dispositional hearing, respondent asserts that since no documentary evidence or testimony was received by Family Court, no hearing was conducted. We agree. The dispositional hearing, following Family Court's statement that "[i]t's my understanding we are simply waiting on appropriate placement", consisted of an unsworn discussion between counsel and a probation officer. The record does not reveal that respondent was given an opportunity to review or contest the factual contents of the predispositional report prepared by the Probation Department or the follow-up documentation furnished to the court. Under these circumstances, we hold that the dispositional hearing to which respondent was entitled was not provided by the court (*see, Matter of Tanya U.*, 243 AD2d 785) and, therefore, remittal is required. Since we are remitting this case, we find it prudent to note that the form dispositional order should have contained a statement of the

facts and findings upon which the disposition rested (*see*, Family Ct Act § 754 [2]; *Matter of Robert U.*, 189 AD2d 1014, 1015).

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.