■ In the Matter of the Claim of STEVEN PIANOFORTE, Appellant. COMMISSIONER OF LABOR, Respondent. [706 NYS2d 490] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 1999, which ruled that claimant was ineligible to receive unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment after he failed to comply with his employer's call-in procedures regarding absences due to illness, notwithstanding having received prior warnings. Although claimant was aware of the call-in policy, he testified that because of his asthma and the medication he was taking, on several occasions he was unable to wake up in time to call in to his employer. It is well settled that failing to comply with the employer's established policies and procedures can be construed as disqualifying misconduct, especially if, as in this case, the conduct persists despite repeated warnings (*see, Matter of Rivera [Commissioner of Labor]*, 262 AD2d 696). Accordingly, we conclude that substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant's failure to abide by the employer's call-in policy amounted to disqualifying misconduct (*see, Matter of Garcia [Commissioner of Labor]*, 256 AD2d 786).

Mercure, J. P., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.