■ In the Matter of SHARON D., a Person Alleged to be in Need of Supervision, Appellant. MARY J. FERGUSSON, as Assistant Principal of Schoharie Junior-Senior High School, Respondent. [710 NYS2d 205] —Mercure, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered August 5, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner sought to have respondent adjudicated a person in need of supervision (hereinafter PINS) as the result of her excessive unexcused absences from class and incorrigible behavior. Following respondent's admission to substantially all of the allegations of the petition and consent to the recommended disposition as set forth in the predispositional report, Family Court adjudicated respondent a PINS, placed her on probation for a period of one year and issued an order of protection pursuant to Family Court Act § 759 compelling respondent's mother to comply with the disposition. Respondent appeals.

We first reject the contention that the record does not support Family Court's determination that respondent is a PINS. Respondent made a counseled decision to forgo a fact-finding hearing and admitted to the allegations contained in the petition. In addition, she never objected to the predispositional report and clearly consented, after conferring with counsel, to the disposition contained therein. In any event, the information received by Family Court during respondent's lengthy and detailed plea allocution, coupled with the predispositional

report which, although not formally received in evidence, was provided to all of the parties and made part of the record, demonstrated that respondent missed school approximately 35 times between September 1998 and April 1999 and, when in attendance, severely misbehaved. Moreover, respondent and her mother demonstrated an unwillingness to cooperate with a voluntary diversion program as they twice failed to appear for an initial screening.

In our view, the foregoing evidence provided an ample basis for the finding that respondent was a PINS (see, Matter of Randy SS., 222 AD2d 884; Matter of Rebecca Y., 195 AD2d 727; compare, Matter of Tanya U., 243 AD2d 785; Matter of Harry J., 191 AD2d 1016). Likewise, in light of that evidence, we are unpersuaded that Family Court abused its discretion in issuing the order of protection compelling the cooperation of respondent's mother (see, Matter of Rebecca Y., supra, at 728-729; see also, Family Ct Act § 759).

Respondent is correct in her assertion that Family Court's initial order of disposition failed to comply with the requirement of Family Court Act § 754 (2) that the written order of disposition "state the court's reasons for the particular disposition". During the pendency of the appeal, however, Family Court exercised its authority pursuant to Family Court Act §§ 761 and 762 to conduct a successive dispositional hearing and issue a curative order addressing the prior defects. We take judicial notice of Family Court's superseding order, which cures all of the defects addressed by respondent, and affirm its dispositional order as thereby amended and superseded.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order entered August 5, 1999, as superseded by amended order of disposition entered May 19, 2000, is affirmed, without costs.

Ordered that petitioner's motion to dismiss the appeal or to supplement the record on appeal is dismissed, as academic, without costs.