■ In the Matter of JOSIAH RR., a Person Alleged to be in Need of Supervision, Appellant. TOMPKINS COUNTY PROBATION DEPARTMENT, Respondent. [716 NYS2d 429] —Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 13, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to revoke a prior order of probation and placed respondent in the custody of the Tompkins County Commissioner of Social Services for a period of one year.

In August 1999, respondent was adjudicated a person in need of supervision and placed on probation for a period of one year. Thereafter, in February 2000, petitioner filed a petition alleging that respondent violated the terms and conditions of his probation by disobeying his mother, refusing to fully participate in therapy and failing to obtain the required permission to leave his home. At the fact-finding phase of the ensuing hearing, Family Court denied respondent's request for an adjournment to permit additional time to confer with counsel and ultimately determined at the close of evidence that respondent violated his probation. Without ordering a predispositional report or providing the parties an opportunity to present further evidence during the dispositional phase of the hearing, the court revoked respondent's probation and placed him in the custody of the Tompkins County Commissioner of Social Services for a one-year period. Respondent appeals.

Respondent contends that Family Court denied his right to effective assistance of counsel by denying his request for an adjournment, improperly dispensed with an evidentiary hearing prior to rendering a disposition, and failed to set forth a statement of facts and findings upon which the disposition was based. We note that the appropriate vehicle to remedy the errors alleged by respondent would be a new hearing at which he would be provided an adequate opportunity to confer with counsel and to offer evidence during the dispositional phase of the hearing (see, Matter of Ashley MM., 271 AD2d 796, 797; Matter of Tanya U., 243 AD2d 785, 786; Matter of Harry J., 191 AD2d 1016). Significantly, petitioner has informed this Court by letter that it does not oppose the relief requested by respondent and would not object to participating in a new hearing. Under these circumstances, we deem it appropriate to remit the matter to Family Court to conduct a new hearing.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs,

and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.