In the Matter of LAURIE A. JUNE, Appellant. BORG-WARNER MORSE TEC CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [758 NYS2d 860] —Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeals Board, filed December 20, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

After claimant failed to provide written medical documentation for her absence from work within three days as required by the employer, she was terminated for misconduct effective

April 12, 2001. Claimant's application for unemployment insurance benefits was denied on the ground that her failure to comply with the employer's medical documentation requirements was misconduct and constituted a voluntary quit. Upon administrative review, the Administrative Law Judge found that, inasmuch as claimant had kept the employer abreast of her medical condition, claimant's conduct did not rise to the level of misconduct and should not be deemed a voluntary quit. The Unemployment Insurance Appeals Board reversed, finding, as relevant here, that claimant had been directed to provide medical documentation supporting her absence from work and that her failure to comply was misconduct. Claimant appeals.

We affirm. The record reflects that claimant was absent from work from April 2, 2001 until her April 12, 2001 termination, but failed to provide written documentation for this absence as required by the employer. The Board was entitled to credit the hearsay testimony of the employer's representative that claimant was previously made aware of the documentation requirement and was repeatedly directed to document this absence (*see Matter of Fratello [M & R Consumer Goods—Commissioner of Labor]*, 271 AD2d 880, 880 [2000]), and claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Mahon [Commissioner of Labor]*, 288 AD2d 740 [2001], *lv denied* 97 NY2d 612 [2002]; *Matter of Williams [Sweeney]*, 241 AD2d 740, 741 [1997], *appeal dismissed* 91 NY2d 848 [1997]). Accordingly, substantial evidence supports the Board's finding of misconduct based upon claimant's failure to comply with the employer's medical documentation requirements (*see Matter of Jimenez [Commissioner of Labor]*, 301 AD2d 716 [2003]; *Matter of Hughes [Commissioner of Labor]*, 283 AD2d 753 [2001]; *Matter of Pianoforte [Commissioner of Labor]*, 271 AD2d 796 [2000]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.