■ In the Matter of CASEY VV., a Person in Need of Supervision, Appellant. KATHRYN A. CHARBONNEAU, as Probation Officer of the Fulton County Probation Department, Respondent. [772 NYS2d 107]—

Cardona, P.J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered June 3, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to revoke a prior order of probation and placed re-

spondent in the custody of the Fulton County Department of Social Services for a period of one year.

In March 2003, respondent was adjudicated a person in need of supervision and placed on probation for one year. Thereafter, in April 2003, petitioner filed a petition alleging that respondent violated the terms and conditions of her probation. After a hearing at which respondent's school psychologist testified and various school reports were admitted into evidence, Family Court determined that respondent violated the terms of her probation. Although requested, respondent was precluded from offering evidence in reference to a specific disposition and only allowed to be heard in summation on an appropriate disposition. The court revoked the prior dispositional order and placed respondent in the custody of the Fulton County Department of Social Services (hereinafter DSS) for a period of one year. On appeal, respondent seeks reversal of the order of placement and remittal for a dispositional hearing. She contends, among other things, that Family Court erred when it denied her request to introduce dispositional evidence.

Initially, petitioner has advised the Court by letter that "the child has now returned home," and contends that the appeal has been rendered moot, electing not to submit responding papers. We note that the dispositional order has not expired by its own terms. Moreover, our inability to discern from petitioner's statement whether respondent has been released from DSS custody and has been returned to the custody of her parent(s) precludes a determination that respondent has been afforded all the relief that she seeks on this appeal (cf. *Matter of Evan P.*, 1 AD3d 831 [2003]). Therefore, we cannot say the appeal has been rendered moot.

Addressing the merits of respondent's claim, we find that while Family Ct Act § 779 does not specifically require a separate dispositional hearing upon a finding of a violation of probation, the parties should be given an opportunity to present evidence relevant to a proper disposition (*see Matter of Josiah RR.*, 277 AD2d 654, 654 [2000]) in order to comply with the requirements of due process (*see* Family Ct Act § 711). Because respondent was not afforded that opportunity, the appropriate remedy is to remit this matter for a new hearing (*see Matter of Josiah RR., supra* at 654) unless the dispositional order placing respondent in DSS custody has fully expired.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision.