■ In the Matter of STEPHANY OO., a Person Alleged to be in Need of Supervision, Appellant. NORTHVILLE CENTRAL SCHOOL DISTRICT, Respondent. [802 NYS2d 289]—

Mercure, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered October 25, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

In May 2004, petitioner commenced this proceeding in Fulton County, seeking to have respondent adjudicated to be a person in need of supervision (hereinafter PINS) on the ground of, among other things, excessive absence from school without permission. Following respondent's admission to the allegations in the petition, Family Court, Fulton County (Jung, J.), found respondent to be a PINS and transferred the case to Family Court, Saratoga County—the county in which respondent resides—for disposition. Family Court (Abramson, J.) adjourned the matter, ordered a series of reports to assist with disposition, and directed respondent to attend school. Prior to the scheduled dispositional hearing, the court held an emergency detention hearing at which respondent admitted that she had not attended school and consented to placement in detention. The court determined that respondent should be detained pursuant to Family Ct Act § 739 pending further placement through the Saratoga County Department of Social Services (hereinafter DSS) on the ground that "there [was] a substantial probability that [r]espondent [would] not appear in court on the return date." Thereafter and without a hearing, the court issued a dispositional order placing respondent in the custody of DSS for a period of 12 months.

Respondent now appeals, arguing that she was effectively deprived of her right to a dispositional hearing. We agree. There is no indication that respondent was given an opportunity to review or contest the predispositional reports ordered by Family Court and to offer evidence during the dispositional phase of the proceeding, or that she knowingly and voluntarily waived her right to a dispositional hearing. Instead, the order of disposition was based on respondent's unsworn consent to placement

in custody, given after a warning that she had the right to remain silent that was equivocal at best, and the unsworn statements of the Law Guardian and a probation officer. Under these circumstances, we conclude that the matter must be remitted to Family Court to conduct a dispositional hearing (*see Matter of Josiah RR.*, 277 AD2d 654, 654 [2000]; *Matter of Ashley MM.*, 271 AD2d 796, 797 [2000]; *Matter of Tanya U.*, 243 AD2d 785, 786 [1997]; *Matter of Harry J.*, 191 AD2d 1016, 1017 [1993]; *see generally Matter of Nichole A.*, 300 AD2d 947, 948 [2002]; *cf. Matter of Mark J.*, 259 AD2d 40, 43 [1999]). Respondent's remaining arguments are either lacking in merit or have been rendered academic by our decision.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.