■ In the Matter of TIMOTHY C., Appellant. ERIE COUNTY ATTORNEY, Respondent. [818 NYS2d 890]—

Appeal from an order of the Family Court, Erie County (James H. Dillon, J.), entered October 11, 2005 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: The Law Guardian, on behalf of respondent,

appeals from an order adjudicating respondent a juvenile delinquent and placing him in the custody of the New York State Office of Children and Family Services (OCFS) for a period of 12 months upon his admission to acts that, if committed by an adult, would constitute the crime of forcible touching in violation of Penal Law § 130.52. Dispositional proceedings were held on five dates between July 26, 2005 and September 27, 2005. Representatives of Western New York Developmental Disabilities Services Organization (DDSO) and OCFS engaged in colloquy with Family Court concerning suitable placements, and the court reviewed the probation report, a juvenile sexual offender risk assessment, and a letter from a psychiatrist who had evaluated respondent. The court found that respondent, who is mentally retarded, required supervision and placement in an environment that provided intensive treatment for juvenile sexual offenders. Only one agency, DDSO, was able to provide the necessary treatment for respondent but that agency had no available space, and no facilities that contract with or are approved by the Department of Social Services had an available opening. The court therefore placed respondent with OCFS, the only available option other than continued secure detention.

The Law Guardian failed to preserve for our review his contentions that no sworn testimony was presented and no documentary evidence was admitted at the dispositional hearing. Although those contentions are supported by the record, we nevertheless conclude that the record, including the probation report and the juvenile sexual offender risk assessment, amply supports the disposition (*see Matter of Randy SS.*, 222 AD2d 884 [1995]; *cf. Matter of Tanya U.*, 243 AD2d 785, 786 [1997]; *Matter of Harry J.*, 191 AD2d 1016, 1017 [1993]).

In addition, we reject the Law Guardian's further contention that the court violated Family Court Act § 352.2 (2) by failing to provide a placement that met respondent's needs and best interests. This case is similar to a case previously decided by this Court, in which a juvenile delinquent was in need of sexual offender treatment but no space was available in an appropriate treatment facility (*Matter of Todd B.* [appeal No. 2], 190 AD2d 1035 [1993]). Family Court in that case adjourned the matter on several occasions in the event that an opening in an appropriate facility became available, but the court eventually determined that, in order to protect the community, it was necessary to place the respondent with the agency now known as OCFS (*see id.* at 1035-1036). In affirming the order of Family Court, this Court wrote that, "[i]n making its determination of placement, Family Court must 'consider the needs and best

interests of the respondent as well as the need for protection of the community' . . . (Family Ct Act § 352.2 [2] [a]). The two interests at stake—the needs of the child and the needs of the community—are presumptively entitled to equal weight" (*id.* at 1036). Here, respondent was properly adjudicated a juvenile delinquent in need of a secure residential treatment center and sexual offender program and, based on his mental retardation, he also requires a developmental disability program. The court adjourned the matter repeatedly in an attempt to secure an appropriate placement for respondent and, indeed, the record indicates that the court itself entered an objection to the disposition on behalf of respondent, based on the court's frustration with the lack of appropriate resources. While we share the court's concern that the court was unable to balance equally the needs of respondent and of the community (*see id.*; § 301.1), the issue here was the lack of resources, not the fact that sworn testimony was not presented and documentary evidence was not admitted in evidence at the dispositional hearing. We therefore perceive no reason to reverse the order in order for the court to conduct a procedurally proper evidentiary hearing. The court by its order protected the community and invited an application to modify the placement if a more suitable one could be found. We thus conclude that the order should be affirmed. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.