■ In the Matter of EAST ISLIP HIGH SCHOOL, Respondent, v IAN M., Appellant. [824 NYS2d 305]—

In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court, Suffolk County (Spinner, J.), dated December 2, 2005, which, upon an order of the same court dated October 25, 2005, which, after a hearing, adjudged Ian M. to be a person in need of supervision, directed that he be placed under the supervision of the Suffolk County Department of Probation for a period of 12 months. The appeal brings up for review the order dated October 25, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the petition was suf-

ficiently specific to provide him with adequate notice of the nature of the conduct underlying the petition to allow him to prepare a defense (*see Matter of Guy II.*, 192 AD2d 770 [1993]; Family Ct Act 732 [a]), and the petitioner met its burden of proving beyond a reasonable doubt that the appellant was a person in need of supervision (*see Matter of Iris R.*, 33 NY2d 987, 988 [1974]; *Matter of Joel P.*, 16 AD3d 511, 512 [2005]).

Although "it is fundamental that a child may not be adjudicated a PINS for refusing to comply with a directive that violates his [or her] constitutional rights or is otherwise unlawful" (*Matter of Andrew R.*, 115 Misc 2d 937, 943 [1982]), the alleged illegality of the school's actions are immaterial where, as here, the petition is not based upon an alleged refusal of the appellant to comply with a directive that violated his constitutional rights. Here, the petition was based upon, inter alia, the appellant's outburst in the principal's office and his refusal to behave in the in-school suspension room, not upon his refusal to comply with an allegedly improper drug test or search.

The appellant's remaining contentions either are without merit or do not require reversal. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.