■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SANCHEZ, Appellant. [833 NYS2d 421]—Judgment, Supreme Court, New York County (Robert Straus, J.), rendered on or about July 7, 2006, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.

■ In the Matter of LARRY B., JR., and Another, Children Alleged to be Neglected. EUGENE J., Appellant; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [835 NYS2d 76]—

Orders of fact-finding and disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about December 21, 2005, finding that respondent-appellant had neglected the subject children, placing the children under petitioner Administration for Children's Services' (ACS) supervision, and directing respondent to submit to drug testing, including hair follicle testing, complete parenting skills and cooperate with ACS's supervision, unanimously affirmed, without costs.

Appellant's challenge to the constitutionality of Family Court Act § 1038-a was not raised before Family Court and therefore is not preserved for appeal (see Matter of Vanessa S., 20 AD3d 924 [2005]). In any event, the negative inference of drug use drawn by Family Court against appellant because of his refusal to submit to drug testing is not necessary to the finding of neglect, which is sufficiently supported by the evidence showing appellant's awareness of respondent mother's drug use and failure to intervene (see Matter of R.W. Children, 240 AD2d 207 [1997], lv denied 90 NY2d 807 [1997]). Indeed Family Court's findings in the latter regard are not challenged by appellant on appeal. We have considered and rejected appellant's other contentions. Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.