■ In the Matter of TUCKER J., a Person Alleged to be a Juvenile Delinquent. JONATHAN J. MILLER, as Franklin County Attorney, Respondent; TUCKER J., Appellant. [839 NYS2d 629]—

Mercure, J.P. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered August 1, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced proceedings in two separate petitions, alleging that respondent engaged in acts which, if committed by an adult, would constitute the crimes of assault in the second degree and obstructing governmental administration in the second degree (petition 1), and the crimes of obstructing governmental administration in the second degree and resisting arrest (petition 2). The allegations stem from respondent's involvement in an incident on March 17, 2006, in the Village of Tupper Lake, Franklin County, involving a number of youths who interfered with the attempted arrest of an individual by a police officer, precipitating a clash with law enforcement officials. In satisfaction of both petitions, respondent admitted to the allegations contained within petition 2—namely, that he obstructed the Tupper Lake Police Chief's arrest of another person by grabbing the Police Chief and shouting obscenity-laced challenges, and that he fought with the Police Chief and a State Trooper when they, in turn, endeavored to arrest him. As a result, respondent was adjudicated a juvenile delinquent and placed in the custody of the Office of Children and Family Services for a period of one year. Respondent now appeals.

Respondent asserts that Family Court failed to ascertain a sufficient factual basis during his allocution and, as a result, reversal is required. We disagree. Upon review of the record we are satisfied that Family Court adequately apprised respondent of the specific allegations contained in petition 2 and respondent unequivocally admitted to the commission of the acts alleged in that petition (*see Matter of Mark J.*, 259 AD2d 40, 43 [1999]; *cf. Matter of Tiffany MM.*, 298 AD2d 728, 728-729 [2002]). Furthermore, although respondent did not explicitly

admit his intent to obstruct the administration of law or resist arrest, it can be sufficiently inferred from his admission (*see Matter of Justin ZZ.*, 214 AD2d 816, 816 [1995]; *see generally Matter of Davan L.*, 91 NY2d 88, 90-92 [1997]; *People v Stevenson*, 31 NY2d 108, 113 [1972]; *People v Clark*, 241 AD2d 710, 710 [1997], *lv denied* 90 NY2d 1010 [1997]).

Also unavailing are the arguments that there was not adequate evidence adduced at the dispositional hearing upon which Family Court could legally base its order and that respondent was effectively deprived of his right to a dispositional hearing. At that hearing, a predispositional investigation report prepared by the Probation Department and a dispositional report prepared by the local Department of Social Services were entered upon consent of the parties. Based upon these reports, along with respondent's previous admission to the allegations in petition 2 and the statements of the parties at the hearing, we find that there was adequate material and relevant evidence submitted at the hearing upon which Family Court could base its disposition (*see* Family Ct Act § 350.3 [1]; *Matter of Hasan R.*, 177 AD2d 817, 817 [1991]; *cf. Matter of Ashley MM.*, 271 AD2d 796, 797 [2000]; *Matter of Tanya U.*, 243 AD2d 785, 786 [1997]). Moreover, inasmuch as respondent was given the opportunity to review the dispositional reports—and, in fact, successfully contested portions of them—to offer other material to be considered in his disposition and, along with his mother, to be heard on the appropriate disposition, it cannot be said that respondent was effectively deprived of his right to a dispositional hearing (*see Matter of Sharon D.*, 274 AD2d 702, 702-703 [2000]; *cf. Matter of Stephany OO.*, 22 AD3d 909, 909-910 [2005]).

Finally, upon reviewing the record and considering both respondent's admitted failure to abide by the terms of his probation during the pendency of his dispositional hearing and the seriousness of the crimes to which he admitted, we find that a preponderance of the evidence supports Family Court's conclusion that placement of respondent with the Office of Children and Family Services for a period of one year was the least restrictive dispositional alternative (*see* Family Ct Act § 350.3 [2]; § 352.2 [2]; *Matter of Manuel W.*, 279 AD2d 662, 663 [2001]; *see also Matter of Todd Z.*, 295 AD2d 652, 654 [2002]).

We have considered respondent's remaining contentions and find them to be either unpreserved or without merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.