■ In the Matter of ARSENIO M., a Person in Need of Supervision, Appellant. [858 NYS2d 245]—

In a proceeding pursuant to Family Court Act article 7, the appeal is from (1) an order of the Family Court, Dutchess County (Amodeo, J.), dated April 17, 2007, which revoked a prior dispositional order of probation of the same court dated September 19, 2006, upon his admission that he had violated a

condition thereof, and placed the appellant in the custody of the Department of Social Services for a period of 12 months, and (2) an order of the same court also dated April 17, 2007, which remanded the appellant to a nonsecure detention facility.

Ordered that the orders are affirmed, without costs or disbursements.

On September 19, 2006 the appellant was adjudicated a person in need of supervision, and placed on probation for a period of 12 months. On or about October 26, 2006 a petition was filed alleging that he had violated the terms of his probation. At a hearing, the Family Court explained to the appellant that he could either admit to violating probation, or insist that the presentment agency submit evidence against him. After discussing his options with his attorney, the appellant admitted to violating probation.

The appellant's contention that the Family Court denied him due process by failing to hold a dispositional hearing is unpreserved for appellate review (*see Matter of Larry B.,* 39 AD3d 399 [2007]; *Matter of Vanessa S.,* 20 AD3d 924 [2005]). In any event, Family Court Act § 779 does not specifically require a separate dispositional hearing upon a finding of a violation of probation, and the appellant's due process rights were not violated (*cf. Matter of Casey VV.,* 3 AD3d 785, 786 [2004]). Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.