In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of fact-finding and disposition of the Family Court, Dutchess County (Sammarco, J.), dated May 15, 2007, which, after fact-finding and dispositional hearings, upon the admission of Toni Ann O. to truancy, adjudged her to be a person in need of supervision and directed that she be placed in the custody of the Dutchess County Department of Social Services for a period of 12 months.
Ordered that the appeal from so much of the order of fact-finding and disposition as directed that the appellant be placed in the custody of the Dutchess County Department of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The portion of the order of fact-finding and disposition which placed the appellant in the custody of the Dutchess County Department of Social Services for a period of 12 months has expired by its own terms. In addition, the appellant failed to take an appeal from a subsequent order extending the placement. Therefore, the appeal from so much of the order of fact-finding and disposition as placed the appellant in the custody of the Dutchess County Department of Social Services for a period of 12 months must be dismissed (see Matter of Andrew Y., 44 AD3d 1063 [2007]; Matter of Qwasan M., 25 AD3d 613 [2006]; Matter of Alan B., 267 AD2d 306 [1999]).
The appellant’s contention that the Family Court failed to conduct a proper hearing is unpreserved for appellate review (see Matter of Terrance B., 40 AD3d 1083, 1084 [2007]) and, in any event, is without merit (see Matter of Timothy C., 31 AD3d 1222, 1223 [2006]). The appellant gave sworn testimony at the fact-finding hearing on April 3, 2007, at which she admitted having had more than three illegal absences from school. In addition, at the dispositional hearing on May 15, 2007, the Family Court based its determination on the report of the Dutchess County Probation Department dated May 15, 2007 (hereinafter the Probation Report), and the testimony of the attorney for the appellant, the appellant, and her parents. Moreover, the Probation Report relied upon by the *564 court was part of the record and provided an ample basis for the court’s determination (see generally Family Ct Act § 750 [2]; Matter of Timothy C., 31 AD3d 1222, 1223 [2006]). Based on this record, the petitioner met its burden of proving, beyond a reasonable doubt, that the appellant was a person in need of supervision (see Matter of Iris R., 33 NY2d 987, 988 [1974]; Matter of East Islip High School v Ian M., 33 AD3d 921 [2006]; Matter of Joel P., 16 AD3d 511, 512 [2005]).
The appellant’s remaining contention is without merit. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.