■ In the Matter of ROYCE K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FERN L., Appellant. (Proceeding No. 1.) In the Matter of BRYANT K., Respondent, v FERN L. Appellant. (Proceeding No. 2.) [882 NYS2d 664]—In a neglect proceeding pursuant to Family Court Act article 10 and a related child custody proceeding pursuant to Family Court Act

article 6, the mother appeals from (1) an order of disposition of the Family Court, Kings County (Danoff, J.), dated July 1, 2008, which, upon a fact-finding order of the same court dated April 17, 2007, entered in proceeding No. 1 upon her admission of neglect, released the subject child to the custody of the father and directed her to attend various alcohol treatment programs, and (2) an order of the same court, also dated July 1, 2008, and entered in proceeding No. 2, which awarded custody of the subject child to the father and awarded her supervised visitation. The appeal from the order of disposition in proceeding No. 1 brings up for review the fact-finding order.

Ordered that the order of disposition in proceeding No. 1 and the order in proceeding No. 2 are affirmed, without costs or disbursements.

The mother's contentions that the Family Treatment Court is unconstitutional and that her right to due process was violated are unpreserved for appellate review (see Matter of Larry B., 39 AD3d 399 [2007]; Matter of Jesus M., 20 AD3d 479, 480 [2005]; Matter of Coleman v Thomas, 295 AD2d 508, 509 [2002]; Matter of Jamel Isaiah R., 18 AD3d 558 [2005]; Matter of Vanessa F., 9 AD3d 464 [2004]).

Moreover, the record reflects that the award of custody to the father was in the subject child's best interests (see Matter of Conforti v Conforti, 46 AD3d 877, 878 [2007]; Matter of Anderson v Sparks, 18 AD3d 656, 656-657 [2005]). To the extent that the mother contends that the Family Court erred in failing to hold a full evidentiary hearing in connection with the orders appealed from, that contention is unpreserved for appellate review (see Matter of Arsenio M., 51 AD3d 670, 671 [2008]; Matter of Diaz v Santiago, 8 AD3d 562, 563 [2004]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.