■ In the Matter of THOMAS J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOAN D., Appellant. [976 NYS2d 398]—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Queens County (McGowan, J.), dated June 26, 2012, as, after a fact-finding hearing and without an evidentiary dispositional hearing, released the child to the custody of the nonrespondent father, directed the mother to complete an alcohol treatment program and a parenting course, directed her to submit to random alcohol testing, and directed the issuance of an order of protection of the same court, also dated June 26, 2012.

Ordered that the appeal from so much of the order of fact-finding and disposition as directed the issuance of the order of protection dated June 26, 2012, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as directed the issuance of the order of protection dated

June 26, 2012, must be dismissed as academic, as the order of protection has expired by its own terms (*see Matter of Nivia L.C. [Shani C.]*, 106 AD3d 996, 996-997 [2013]; *Matter of Ajay P.*, 60 AD3d 681, 683 [2009]).

The mother's contention that the Family Court erred in failing to conduct a full dispositional hearing is unpreserved for appellate review, as she did not object when the Family Court informed her that the matter would proceed to disposition, did not request a full hearing, and participated without objection in the informal dispositional proceeding conducted by that court (*see Matter of Alyssa G. [Miguel P.]*, 94 AD3d 995, 996 [2012]; *Matter of Royce K.*, 64 AD3d 779, 780 [2009]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.