■ In the Matter of DASHAWN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [979 NYS2d 680]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Dashawn R. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated February 25, 2013, which, upon a fact-finding order of the same court dated January 7, 2013, made after a hearing, finding that he committed acts, which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and assault in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the showup procedure by which the complainant identified him was reasonable under the circumstances, having been conducted in close spatial and temporal proximity to the incident (see People v Guitierres, 82 AD3d 1116 [2011]; Matter of Kassan D., 282 AD2d 747 [2001]). Furthermore, there was no evidence of undue suggestiveness (see People v Guy, 47 AD3d 643 [2008]; Matter of Louis C., 6 AD3d 430 [2004]).

The appellant contends that his right to a speedy fact-finding hearing was violated (see Family Ct Act § 340.1 [2]; Matter of George T., 99 NY2d 307 [2002]; Matter of Frank C., 70 NY2d 408, 413-414 [1987]). This contention is unpreserved for appellate review, as no objection on that ground was raised during the fact-finding hearing (see Matter of Gregory N., 108 AD3d 553 [2013]; Matter of Yarras F., 5 AD3d 481 [2004]). In any event, the contention is without merit, since counsel repeatedly consented to adjourn the proceedings (see Family Ct Act § 340.1), thereby waiving speedy fact-finding hearing objections and tolling the 60-day statutory period within which the fact-finding hearing must be commenced (see Matter of Curnelle T., 17 AD3d 472 [2005]). Contrary to the appellant's contentions, counsel was not ineffective for failing to move to dismiss the petition on speedy fact-finding hearing grounds (see Matter of Shaheen P.J., 29 AD3d 996 [2006]). The appellant's counsel provided meaningful representation (see Matter of John M.P., 54 AD3d 1041, 1042 [2008]; cf. People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

The appellant's contention that the Family Court failed to hold a proper dispositional hearing is unpreserved for appellate review (*see Matter of Toni Ann O.*, 56 AD3d 563 [2008]) and, in any event, is without merit (*see Matter of Timothy C.*, 31 AD3d 1222 [2006]).

The Family Court providently exercised its discretion in placing the appellant on probation for a period of 12 months (*see Matter of Racheal M.*, 108 AD3d 770 [2013]). Contrary to the appellant's contentions, the Family Court imposed the least restrictive disposition in accordance with the requirements of Family Court Act § 352.2.

The appellant's remaining contentions are without merit. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.